UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AIRPRO DIAGNOSTICS, LLC, a
Florida limited liability company,

       Plaintiff,

v.

DREW TECHNOLOGIES, INC., a
Michigan corporation, OPUS IVS,
INC., a Delaware corporation,
AUTOENGINUITY, LLC, an Arizona
limited liability corporation, and
BRIAN HERRON, an individual,

       Defendants.
and

OPUS IVS, INC.

       Defendant/Counter-Plaintiff,

v.

AIRPRO DIAGNOSTICS, LLC, a
Florida limited liability company,

       Plaintiff/Counter-Defendant.

Case No. 22-12969-LVP-EAS

Honorable Linda V. Parker

Magistrate Judge Elizabeth A. Stafford

---

1

Adam J. Brody (P62035)
Ziyad I. Hermiz (P72236)
VARNUM LLP
Attorneys for Plaintiff/Counter-
Defendant
Bridgewater Place
333 Bridge Street NW, 17th Floor
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
zihermiz@varnumlaw.com
*Attorneys for Plaintiff*

Samuel A. Slater
NC Bar No. 43212 (admitted to E.D.
Mich.)
T. Nelson Hughes, Jr.
NC Bar No. 59342 (admitted to E.D.
Mich.)
WYRICK ROBBINS YATES &
PONTON, LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
(919)781-4000
sslater@wyrick.com
NHughes@wyrick.com

William J. Stapleton (P37339)
HOOPER HATHAWAY, PC
126 S. Main Street
Ann Arbor, MI 48104
(734) 662-4426
wstapleton@hooperhathaway.com
*Attorneys for Defendants and Counter-Plaintiff*

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information during the discovery phase of this action that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is also anticipated that court filings and discovery papers in this matter will include references to documents and/or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents and/or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of such actions or proceedings;

NOW, THEREFORE, this matter having come before the Court upon written stipulation of the parties, and the Court being fully advised in the premises, IT IS HEREBY ORDERED that any party or non-party (the "Producing Party") may designate information, documents, or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" under the following terms and conditions:

1.      This Protective Order shall govern all documents, interrogatory answers, answers to request for admissions, other discovery materials, testimony provided in a deposition, trial, or hearing, or portions thereof produced or provided by any producing party in this litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," collectively "Confidential Information."

2.      As used in this Protective Order:

3

a.     The term "document" means any written, printed, typed, recorded, electronic, or graphic material or means to access such material (e.g., through word processing or computer equipment), however produced or reproduced, of any kind or description.

b.     "Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" by the Producing Party or any receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information contained in an interrogatory answer, or otherwise. The Producing Party or any receiving persons will make such a designation only as to those documents that are in good faith and reasonably believed to be confidential.

c.     The term "CONFIDENTIAL" shall refer to any material that a party, upon good faith belief, asserts to constitute, include, or disclose confidential information, including, but not limited to, employee or personnel information and records, personal information, technical, commercial, proprietary and/or financial information that may be protected from disclosure by statute or that should be protected from disclosure as confidential commercial information, or other sensitive information that is not publicly available, and would cause that person competitive injury if publicly disclosed. The "CONFIDENTIAL" designation includes, but is not limited to, technical information, business records and related communications,

4

design materials, purchase orders, return receipts and related communications, agreements to resolve disputes or settlement agreements and related communications, confidential research, development or commercial information, certain financial information, marketing plans and forecasts, infrastructure, tax ID or other identifying numbers that may make one subject to identity fraud, competitive information or any other proprietary or confidential business information.

      d.    The term "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" (also referred to as "AEO" in this Order) shall refer to any material that a party, upon a good faith belief, asserts to constitute, include, or disclose, highly sensitive confidential information that is not publicly available, such as certain financial information, including profit and loss information of a party, price and cost information not otherwise revealed to persons not employed by the Producing Party, trade secrets, information that a party is bound not to disclose pursuant to a contractual obligation with a third-party or the disclosure of which a party reasonably and in good faith believes would likely cause harm, highly confidential research and development, commercial, or other highly sensitive information, including information that may relate to a parties' or non-parties' customers (including customer lists or other customer identifying information), clients,

contractors, suppliers, and vendors, and communications between Plaintiff and Defendant and their customers or clients.

3.    Each party shall designate all CONFIDENTIAL or AEO information disclosed in this litigation with a stamp, label, or other similar marking on each page or thing produced which states: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY". All copies made of documents designated by any party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" will be stamped with the appropriate legend. In the case of electronically stored information ("ESI"), if it is not feasible for a producing party to mark each file or image as specified above at the time of production, then that producing party shall designate the Confidential Information in a cover letter accompanying the production of such ESI. Where feasible, the producing party shall mark the disk, tape, computer drive, or other electronic media on which said ESI is produced with a legend for the designated information in the manner described above. Whenever such ESI is printed or copied, every print or copy shall be marked with the legend for the designated information in the manner described above. Any part of a report created by an independent expert or consultant relying on or incorporating Confidential Information in whole or in part shall be marked with the legend for the designated information in the manner described above. With respect to large batches

6

of information to be produced (i.e. production of or access to the contents of an e-mail server, account or other broad document productions), a party shall have the option to require that all or batches of materials be treated as containing Confidential or AEO information. However, nothing in this section is intended to or shall limit the opposing party from challenging the designation as to any particular document or item contained within such batch of information before this Court provided, however, that a good faith basis exists for challenging such designation and such challenge is not made for any improper purpose.

4.     A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" as if it were a Producing Party.  The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

5.     Except as otherwise provided in this or subsequent court orders or permitted in writing by the party that made the confidentiality designation, all documents, information, or things designated as "CONFIDENTIAL" shall not be disclosed or shown to anyone other than:

      a.     The parties, the employees of such parties, or the agents of the

7

parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

b.      Retained counsel for the parties in this litigation and their respective staff, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

c.      Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

d.      Non-parties who provide litigation support services retained by a party or a party's attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, vendors, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

e.      The Court or persons employed by the Court;

f.      The jury;

g.      Duly qualified court reporters and videographers participating in these proceedings;

h.      In preparation for deposition or trial, or for examination at a deposition or trial, authors or recipients of Confidential Information;

i.      Persons who, in addition to those identified above, are permitted

access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

6.     Except as otherwise provided in this or subsequent court orders or permitted in writing by the party that made the confidentiality designation, all documents, information, or things designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" shall not be disclosed or shown to anyone other than:

a.     Retained counsel for the parties in this litigation and their respective staff, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

b.     Non-parties who provide litigation support services retained by a party or a party's attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, vendors, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

c.     The Court or persons employed by the Court;

d.     The jury;

e.     Duly qualified court reporters and videographers participating in these proceedings;

   f. In preparation for deposition or trial, or for examination at a deposition or trial, authors or recipients of Confidential Information;

   g. Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

  7. Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendants, respectively, or to a testifying or non-testifying expert or consultant under Paragraphs 5 or 6, unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Protective Order and has executed a copy of the Undertaking attached as <u>Exhibit A</u>.  Current employees of any party, and owners, affiliates, or managers of any party, are not required to execute a copy of the Undertaking but must be advised regarding the provisions of this Protective Order.

  8. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for

withholding production to which the Producing Party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered.  Any other inadvertently produced privileged materials shall be promptly returned upon the request of the Producing Party.

9.    If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, then, to the extent not addressed above, the party responsible for such disclosure must: (1) with reasonable promptness, bring all pertinent facts relating to such disclosure (excepting privileged information) to the attention of the party who produced the Confidential Information; and (2) take reasonable steps to retrieve such Confidential Information and prevent its further disclosure. Any person who has produced Confidential Information that is later disclosed or used contrary to the terms of this Order may apply to the Court for any appropriate relief, including a contempt citation, appropriate damages, or any other available sanction.

10.    Nothing in this Order shall preclude any party or their attorneys from:

a.    Showing Confidential Information to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

b.      Freely using or disclosing information or documents containing information identified as Confidential Information by another party, if that information: (a) is or becomes part of the public domain without fault on the part of the party; or (b) is lawfully and permissibly obtained by the party from any source (other than another party) that was free of any obligation to keep it confidential.

c.      If a party intends to use or offer into evidence at such trial any Confidential Information that party must, unless otherwise ordered by the Court, so inform the party or non-party that made the confidentiality designation in a reasonable time in advance to allow the party or non-party that made the confidentiality designation to take such steps that it deems reasonably necessary to preserve the confidentiality of such information.

d.      Redacting information from the face of documents produced in accordance with the discovery process if it is subject to a claim of privilege or immunity from disclosure. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court or from questioning the party or its counsel responsible for the redaction(s) about the general substance of the "Redacted" material. In accordance with Local Rule 5.3(b), if the need arises for Confidential Information in this case to be filed with the Court, counsel shall meet and confer to determine whether portions of Confidential or AEO documents can be filed in redacted form to avoid the necessity that they be filed under seal.

11.     If a party desires to disclose Confidential Information to a non-qualified person, or if a party disagrees with a party or non-party's designation of documents or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," then the party or non-party shall so notify counsel for the designating party, and the parties shall meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things.  The parties are strongly encouraged to resolve all such objections without the need for court intervention.  A party that challenges a designating party's designation of documents must, in writing,: (a) identify with particularity (i.e., by Bates number, page and line of deposition transcript; or otherwise) the challenged material or information; (b) explain the basis for its belief that the confidentiality designation was not proper; and (c) give the designating party a minimum of fourteen (14) days to review the designated material and remove or modify the designation or explain the basis for the original designation. If any objection is not thereby resolved, the party challenging the Confidential or AEO status of the information, documents, or things may bring the dispute before the Court for a determination by the Court in accordance with this Court's Practice Guidelines for Discovery Disputes. Any document or testimony which is the subject of the Discovery Dispute shall continue to be treated as Confidential Information unless and until the Court renders a decision to the contrary.  The party designating such information, documents or

things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS'
EYES ONLY" shall have the burden of proving that good cause exists for
maintaining the designation of the information, documents, or testimony under the
terms of this Protective Order.  Until the Court makes such determination, all
material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY" shall be treated as such.

12.    If any such document or information is filed or otherwise presented to
the Court by either party in a manner that requires its inclusion in the file maintained
in the Clerk's Office, unless the parties agree otherwise, it shall be filed under seal
according to the court's ordinary procedures for sealed materials. This paragraph,
however, shall not prevent the use of any document marked "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in connection with
mediation, facilitation, motions, or other Court-ordered proceedings, provided that
the use of the documents/information is in accordance with this Protective Order.

13.    Information disclosed at a deposition, trial, or hearing in this litigation
may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY" by indicating on the record that the particular
testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS'
EYES ONLY" and subject to the provisions of this Protective Order. A party also
may designate deposition testimony as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL ATTORNEYS' EYES ONLY" by indicating in writing within thirty (30) days of receipt of the deposition transcript by counsel that the particular testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" and subject to the provisions of this Protective Order by designating the appropriate lines and pages of the transcript that are to be treated as such. All deposition transcripts and exhibits will be deemed AEO for a period of 30 days after the receipt of the deposition transcript.

a.    If a designating party designates such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" on the record, the court reporter shall indicate that fact on the cover page of the transcript that the transcript includes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing Confidential or AEO material and non-confidential material.  Further, during the period in which such AEO information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 6 above shall be excluded from that portion of the deposition.  The designating party shall have the right to exclude any person not entitled under this Order to receive AEO information from that portion of the

15

deposition.

b.     A non-producing party may designate documents, information, or things disclosed at a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in the same manner as a Producing Party.

c.     In the case of hearing testimony, or in other court proceedings, whenever counsel deems that any question or line of questioning calls for the disclosure of Confidential Information, counsel may designate on the record prior to such disclosure that the information is Confidential Information and the designating party may also request to exclude any person not entitled under this Order to receive the Confidential Information.

14.    If a party producing documents inadvertently fails to mark a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than ten (10) days following discovery of the inadvertent disclosure.  The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

15.    The inadvertent or unintentional disclosure by a Producing Party supplying confidential discovery material, regardless of whether such discovery

material was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality with respect to the discovery material disclosed, provided that the Producing Party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than ten (10) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", the disclosing party shall make good faith efforts to preserve the Confidential or AEO nature of such discovery material and to obtain compliance with this Protective Order from any person to whom such discovery material was disclosed.

16.   If a Producing Party, at the time of disclosure, inadvertently fails to identify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the Producing Party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

17.    Nothing in this Protective Order shall preclude counsel from providing advice to their client(s) that generally describes the discovery or evidence in this case.

18.    Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Protective Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that information, which is marked or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

19.    Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be made available to persons other than those authorized in Paragraphs 5 or 6 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits.  The Confidential or AEO information must be removed or redacted before the remaining materials may be made available to those other persons.

20.    Counsel shall maintain files containing Confidential or AEO materials in a secure location. This provision shall not prevent use of an ESI vendor or host

who restricts access to those persons permitted to review Confidential or AEO materials as set forth in this Protective Order.

21.    No Confidential or AEO documents, information, or things, including those contained in pleadings, motions, briefs, declarations, or exhibits shall be filed with the Court unless such documents are filed under seal pursuant to this Protective Order and applicable Local Rules, or are filed with appropriate redactions.

22.    Provided that no Confidential or AEO information is disclosed, the parties may generally refer to Confidential or AEO documents in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

23.    Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be destroyed at the request of the opposing party; provided, however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action and deposition exhibits. Upon request, counsel for the receiving party shall provide written verification to the Producing Party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this Paragraph. Confidential or AEO Materials that are in the

custody of the Court are excepted from the terms  of this Paragraph.

24.     Nothing in this Protective Order shall preclude any party from seeking written permission from the Producing Party to disclose Confidential and/or AEO information or shall preclude any party from seeking to amend or modify this Order, if necessary.

25.     If a person to whom Confidential Information has been disclosed under this Order receives a request from a government agency, a court order, or a subpoena from a non-party requesting or requiring disclosure of Confidential Information, the person must advise the requesting party that the material is subject to this Order, must give notice to the parties to this lawsuit, and must not produce the material until the party who produced or designated the Confidential Information has had reasonable time to object, intervene, or otherwise protect its interests.

26.     Sealing of Confidential Information to be filed with the court is hereby authorized pursuant to this Protective Order. Provided, however, that if any party seeks to file such Confidential Information under seal pursuant to this Protective Order, that party shall comply with the requirements of Local Rules 5.3 and 26.4.

27.    The   Court   retains   jurisdiction   to   make   such   amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate, as well as to resolve any disputes about the disposition of materials

containing Confidential Information at the termination of this action.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 21, 2024

Approved as to form and content:

Dated: _____ May 20, 2024 _____       Dated: _____ May 20, 2024 _____

*/s/ Ziyad I. Hermiz*                    */s/ Samuel A. Slater*
Ziyad I. Hermiz (P72236)             Samuel A. Slater (admitted to E.D. Mich.)
*Attorney for Plaintiff*                 *Attorney for Defendants*

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| AIRPRO DIAGNOSTICS, LLC, a<br>Florida limited liability company, | Case No. 22-12969-LVP-EAS |
|        Plaintiff, | Honorable Linda V. Parker |
| v. | Magistrate Judge Elizabeth A. Stafford |
| DREW TECHNOLOGIES, INC., a<br>Michigan corporation, OPUS IVS,<br>INC., a Delaware corporation,<br>AUTOENGINUITY, LLC, an Arizona<br>limited liability corporation, and<br>BRIAN HERRON, an individual, | |
|        Defendants.<br>and | |
| OPUS IVS, INC. | |
|        Defendant/Counter-Plaintiff, | |
| v. | |
| AIRPRO DIAGNOSTICS, LLC, a<br>Florida limited liability company, | |
|        Plaintiff/Counter-Defendant. | |

---

**<u>UNDERTAKING</u>**

I hereby acknowledge that I have received and carefully read a copy of the Stipulated Protective Order in AirPro Diagnostics LLC v. Opus IVS, Inc. et al., Case No. 22-12969-LVP-EAS (the "Protective Order"), I understand the provisions of the Protective Order, and I will comply with its terms in all respects. I consent to the jurisdiction of the U.S. Federal District Court for the Eastern District of Michigan for the purpose of enforcing the terms of the Protective Order.

_____
Signature

_____
Printed Name

_____
Date