UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AIRPRO DIAGNOSTICS, LLC, a Florida limited liability company, | Case No. 22-12969-LVP-EAS |
| Plaintiff/Counter-Defendant, | Honorable Linda V. Parker |
| v. | Magistrate Judge: Elizabeth A. Stafford |
| DREW TECHNOLOGIES, INC., a Michigan corporation, OPUS IVS, INC., a Delaware corporation, AUTOENGINUITY, LLC, an Arizona limited liability corporation, and BRIAN HERRON, an individual, | **PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| Defendants/Counter-Plaintiffs. | |

| | |
|---|---|
| Adam J. Brody (P62035) | William J. Stapleton (P37339) |
| Ziyad I. Hermiz (P72236) | Rachel N. Hanson (P82828) |
| Francesca L. Parnham (P87300) | HOOPER HATHAWAY, PC |
| VARNUM LLP | *Attorneys for Defendants/Counter-Plaintiffs* |
| *Attorneys for Plaintiff/Counter-Defendant* | 126 S. Main Street |
| Bridgewater Place | Ann Arbor, MI 48104 |
| 333 Bridge Street NW, 17th Floor | (734) 662-4426 |
| P.O. Box 352 | wstapleton@hooperhathaway.com |
| Grand Rapids, MI 49501-0352 | rhanson@hooperhathaway.com |
| (616) 336-6000 | |
| ajbrody@varnumlaw.com | Samuel A. Slater |
| zihermiz@varnumlaw.com | T. Nelson Hughes, Jr. |
| | WYRICK ROBBINS YATES & PONTON LLP |
| | *Attorneys for Defendants/Counter-Plaintiffs* |
| | 4101 Lake Boone Trail, Suite 300 |
| | Raleigh, NC  27607 |
| | (919) 781-4000 |
| | sslater@wyrick.com |
| | nhughes@wyrick.com |

NOW COMES Plaintiff/Counter-Defendant, AirPro Diagnostics, LLC ("AirPro"), pursuant to Federal Rules of Civil Procedure 15 and 16, as well as Local Rule 15.1, and respectfully requests leave to amend its Complaint to add a claim for breach of contract against one of the Defendants, as more fully described in the proposed First Amended Complaint attached hereto as **Exhibit A**.

Pursuant to Local Rule 7.1, counsel for AirPro contacted counsel for Defendants on September 11, 2024, to seek concurrence with respect to the present motion. Counsel for Defendants indicated on September 16, 2024 that his clients do not concur with the relief sought.

Respectfully submitted,

VARNUM LLP
*Attorneys for Plaintiff/Counter-Defendant*

Dated: September 16, 2024         By:   */s/ Adam J. Brody*
                                        Adam J. Brody (P62035)
                                        Ziyad I. Hermiz (P72236)
                                        Francesca L. Parnham (P87300)
                                        Bridgewater Place, P.O. Box 352
                                        Grand Rapids, MI 49501-0352
                                        (616) 336-6000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AIRPRO DIAGNOSTICS, LLC, a Florida limited liability company, | Case No. 22-12969-LVP-EAS |
| Plaintiff/Counter-Defendant, | Honorable Linda V. Parker |
| v. | Magistrate Judge: Elizabeth A. Stafford |
| DREW TECHNOLOGIES, INC., a Michigan corporation, OPUS IVS, INC., a Delaware corporation, AUTOENGINUITY, LLC, an Arizona limited liability corporation, and BRIAN HERRON, an individual, | **BRIEF IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT AIRPRO DIAGNOSTICS, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| Defendants/Counter-Plaintiffs. | |

| | |
|---|---|
| Adam J. Brody (P62035) | William J. Stapleton (P37339) |
| Ziyad I. Hermiz (P72236) | Rachel N. Hanson (P82828) |
| Francesca L. Parnham (P87300) | HOOPER HATHAWAY, PC |
| VARNUM LLP | *Attorneys for Defendants/Counter-Plaintiffs* |
| *Attorneys for Plaintiff/Counter-Defendant* | 126 S. Main Street |
| Bridgewater Place | Ann Arbor, MI 48104 |
| 333 Bridge Street NW, 17th Floor | (734) 662-4426 |
| P.O. Box 352 | wstapleton@hooperhathaway.com |
| Grand Rapids, MI 49501-0352 | rhanson@hooperhathaway.com |
| (616) 336-6000 | |
| ajbrody@varnumlaw.com | Samuel A. Slater |
| zihermiz@varnumlaw.com | T. Nelson Hughes, Jr. |
| | WYRICK ROBBINS YATES & PONTON LLP |
| | *Attorneys for Defendants/Counter-Plaintiffs* |
| | 4101 Lake Boone Trail, Suite 300 |
| | Raleigh, NC  27607 |
| | (919) 781-4000 |
| | sslater@wyrick.com |
| | nhughes@wyrick.com |

## <u>ISSUE PRESENTED</u>

1.      Should AirPro be granted leave to amend its Complaint to add a claim for breach of contract, where good cause exists for the amendment, Defendants/Counter-Plaintiff will suffer no prejudice as a result of the amendment, and the proposed amendment is not futile?

AirPro's Answer:                          Yes.

Plaintiff/Counter-Defendant's Answer:      No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 15, Federal Rule of Civil Procedure 16, MCL § 450.4307, and the decisions in *BancOhio Natl. Bank v. Nursing Ctr. Serv., Inc.*, 573 NE2d 1122 (Ohio App. 10th Dist. 1988), *Carhartt Inc. v. Innovative Textiles, Inc.*, 2018 WL 10320608 (E.D. Mich. July 27, 2018), *Carrizo (Utica) LLC v City of Gerard, Ohio*, 661 F. App'x 364 (6th Cir. 2016), *Catholic Univ. of Am. V. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277; 775 A.2d 458 (2001), *Gardner v Flag Star Bank FSB*, 2023 WL 4844373 (E.D. Mich. March 23, 2023),  *Hensley Mfg. v. ProPride, Inc*., 579 F.3d 603 (6th Cir. 2009), *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002), *In re Palace Quality Servs. Indust., Inc.*, 283 B.R. 868 (Bankr. E.D. Mich 2002), *In Re Reef Petroleum Court*, 92 B.R. 741 (Bankr. W.D. Mich. 1988), *Purcell v. Sadlallah,* 2011 WL 4503097 (E.D. Mich. September 28, 2011), *Reed v City of Detroit*, 2021 W.L. 3087987 (E.D. Mich. July 22, 2021), *Riverview Health Inst. LLC v. Med Mut. Of Ohio*, 601 F.3rd 505 (6th Cir. 2010).

## I.   <u>INTRODUCTION</u>

Plaintiff/Counter-Defendant, AirPro Diagnostics, LLC ("AirPro"), seeks leave from the Court to amend its Complaint (1) to supplement certain facts based on a Confidentiality and Noncircumvention Agreement (the "Agreement") discovered by AirPro during the course of discovery; and (2) to add an additional count for breach of contract between Plaintiff and the other party to that Agreement, Defendant AutoEnginuity, LLC.  A copy of Plaintiff's proposed First Amended Complaint is attached hereto as **Exhibit A**.

As noted above, during the course of discovery, AirPro discovered the Agreement, entered into and signed by AirPro and Defendant AutoEnginuity on November 14, 2016.  Based on the discovery of the Agreement, AirPro also discovered that certain facts already included in its Complaint not only supported its existing claims but constituted a breach of the Agreement as well.  AirPro only recently discovered the Agreement during the course of reviewing tens of thousands of potentially discoverable documents in connection with the parties' discovery requests.

Discovery in this matter does not close for nearly two more months, and, therefore, there is sufficient time to conduct discovery regarding AirPro's proposed First Amended Complaint.  Moreover, this Motion will not otherwise affect any

deadlines currently in place. AirPro therefore seeks leave to amend its Complaint to add a claim for breach of the Agreement.

## II.    PROCEDURAL HISTORY

Plaintiff filed its initial Complaint on December 8, 2022.  *See* ECF No. 1.  On October 12, 2023, Defendant OPUS IVS, Inc. ("OPUS IVS") filed its Counterclaim. *See* ECF No. 21 at PageID.436-439.  Subsequently, this Court entered its Scheduling Order for Phase 1, setting forth various case deadlines.  *See* ECF No. 27.  The Court set an initial deadline for the completion of discovery of September 6, 2024. *Id*.  The parties, however, informally agreed to extend the deadline for the completion of discovery, which is still ongoing.  *See* ECF No. 34.  The parties have engaged in extensive document discovery to date, but they have not yet taken any depositions in this matter.

## III.    LAW AND ARGUMENT

### A.    Applicable Legal Standard.

This Court has recently summarized the applicable law when a party seeks to amend a pleading after the deadline for amendments set forth in its scheduling order:

> When the deadline established by the court's scheduling order has passed, "a plaintiff must show 'good cause' under Fed R. Civ. P. 16(b) for failure to seek leave to amend earlier before the expiration of the deadline and the court 'must evaluate prejudice to the nonmoving party before a court will consider amendment is proper under Rule 15(a).'" ... The Court only examines the standard factors governing amendment

complaints under Rule 15(a) if the good cause provision of Rule 16(b) is met.

*Gardner v Flag Star Bank FSB*, 2023 WL 4844373 at *2 (E.D. Mich. March 23, 2023).

Because AirPro, as set forth below, satisfies both Rule 16 and Rule 15 here, the Court should allow it to amend its Complaint to add a claim for breach of contract against AutoEnginuity.

## B.   AirPro Satisfies Rule 16(b)'s Good Cause Requirement.

As the *Gardner* Court recognized, a scheduling order may be modified for good cause and with the Court's consent.  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in an attempting to meet the case management order's requirements. . . . A determination of the potential prejudice of the nonmovant is also required when a district court decides whether or not to amend a scheduling order."  *Id* at *2 (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Carrizo (Utica) LLC v City of Gerard, Ohio*, 661 F. App'x 364, 368 (6th Cir. 2016)).  The Court must also "evaluate prejudice to the nonmoving party 'before [it] will consider whether amendment is proper under Rule 15(a).'"  *Id.*

Here, the diligence analysis must be undertaken considering the amount of discovery in this case, specifically the fact that AirPro had to undertake review of tens of thousands of documents that were potentially discoverable, and one of those

3

documents forms the basis of this Motion.  The parties remain active in the discovery process and depositions have yet to be completed.

This Court's decision in *Gardner* is also instructive on the issue of good cause. In that case, the party seeking to amend did not do so until eight months after the time for amendment had lapsed, and just days before the discovery cutoff.  *See Gardner*, 2023 WL 4844373 at *2.  Despite this, the Court found that the moving party had established good cause for not having sought leave to amend before the scheduling order's deadline.  *See id* at *3.

Here, AirPro discovered the Agreement during the course of discovery.  Based on the discovery of the Agreement, Plaintiff also discovered that facts already in its Complaint constituted a breach of the Agreement as well.  AirPro discovered this information as a result of the requests for production exchanged between the parties. In other words, the breach of contract claim is a natural and direct outgrowth of the parties' discovery efforts, and it relates directly to facts that are already part of the case.  As such, AirPro has established good cause for purposes of Rule 16.

Moreover, there would be absolutely no prejudice to Defendants if the amendment is allowed.  As noted above, discovery is still ongoing and, in any event, the underlying facts necessary to establish the proposed breach of contract claim are already known to the parties and otherwise the subject of discovery.  Further, the Agreement has already been produced to Defendants [APD000001-APD000004].

4

No additional time for discovery will be required.  As such, there is no doubt that AirPro has satisfied the requirements of Rule 16 and therefore should be allowed to amend its Complaint to add its proposed breach of contract claim.

**C.    AirPro Satisfies Rule 15(a)'s Requirements.**

In addition to the requirements of Rule 16, the requirements of Rule 15 have been met here as well.  The starting point, of course, is Rule 15's mandate that a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  That is because federal courts "have long recognized a policy favoring trying cases on the merits and liberally granting leave to amend when doing so does not prejudice an opposing party."  *Purcell v. Sadlallah,* 2011 WL 4503097 at *1 (E.D. Mich. September 28, 2011).

As the *Gardner* court noted:

> "[A] motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed[,] undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."

*Gardner*, 2023 WL 4844373 at *3 (quoting *Riverview Health Inst. LLC v. Med Mut. Of Ohio*, 601 F.3rd 505, 520 (6th Cir. 2010)).

The foregoing factors, for the most part, require little analysis.  There has been no undue delay in seeking the amendment.  As noted above, the proposed breach of contract claim only became known during the course of discovery, and AirPro

5

immediately undertook an internal evaluation of whether the claim was viable and is now seeking leave to amend to add that claim. There can be no allegation of bad faith or dilatory motive on the part of AirPro, nor has AirPro previously sought to amend its Complaint.

Moreover, as noted above, Defendants would suffer no prejudice by virtue of the amendment, since the facts underlying the claim are almost identical to those underlying the claims that have been part of the case since the outset. Further, the parties have nearly two months left in discovery and depositions have yet to be started, let alone completed. On this issue, this Court has held that there is no undue prejudice under circumstances like those presented here:

> The amendment here lacks undue prejudice. Indeed, the amendment "is not a situation where leave to amend is sought on the eve of trial after the discovery period has long passed" . . . And Defendant Gibson has known about the bodily integrity claim since he was served with the initial complaint . . . The parties still have time in discovery, . . . and Defendant Reed has known about the allegations of nonconsensual sexual advances since he was served with the complaint[.]

*Reed v City of Detroit*, 2021 W.L. 3087987 at *3 (E.D. Mich. July 22, 2021).

The same situation prevails here. Defendants have known about AirPro's challenge regarding Defendant Drew Technologies' breach of contract, Defendants' unfair competition, and Defendants' tortious interference with AirPro's business and customers, resulting in tens of millions of dollars in damages, since AirPro first filed its original Complaint. All of those claims are closely related to AirPro's proposed

breach of contract claim against Defendant AutoEnginuity.  In addition, the parties are not on the eve of trial.  To the contrary, the Court has not even set a trial date yet, and discovery is ongoing, during which all the facts necessary to adjudicate the proposed breach of contract claim will be fully developed in connection with the other claims currently at issue in this case.  In sum, Defendants have no basis to claim any prejudice by virtue of the amendment, let alone undue prejudice.

That leaves only the question of whether the proposed amendment would be futile.  Clearly, it would not.  As this Court has held: "[a] proposed amendment is futile if the pleading could not survive a motion to dismiss." *Reed v. City of Detroit*, 2021 WL 3087987 at *1 (July 22, 2021).  "As a result, the proposed amended pleading must allege facts 'sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief' that is plausible on its face.'"  *Id*. (quoting *Hensley Mfg. v. ProPride, Inc*., 579 F.3d 603, 609 (6th Cir. 2009).  Under this standard, AirPro's proposed breach of contract claim is clearly not futile.

Here, the discovery of the Agreement has created a situation in which AirPro could prevail in establishing that yet another Defendant breached a contract it entered into with AirPro.  Specifically, and separate from the other agreement already at issue, Defendant AutoEnginuity wrongfully used information and technical knowledge AirPro disclosed to it, in an effort to directly compete with AirPro in the field of remote diagnostic services.  As a result of these actions, AirPro

estimates that it has suffered damages in excess of Eighty Five Million Dollars ($85,000,000).  In short, the facts surrounding the Agreement at the heart of AirPro's proposed amended complaint present a textbook case of breach of contract.  The proposed amendment is therefore not futile.

## IV.   CONCLUSION

Based on the foregoing, AirPro respectfully requests that the Court grant its motion and accept for filing the proposed First Amended Complaint attached as Exhibit A.

Respectfully submitted,

**VARNUM LLP**
*Attorneys for Plaintiff/Counter-Defendant*

Dated: September 16, 2024          By:   */s/ Adam J. Brody*
Adam J. Brody (P62035)
Ziyad I. Hermiz (P72236)
Francesca L. Parnham (P87300)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2024, I electronically filed *Plaintiff/Counter-Defendant AirPro Diagnostics, LLC's Motion for Leave to Amend Complaint and Brief in Support* with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all ECF participants registered to receive notice.

        **VARNUM LLP**
        *Attorneys for Plaintiff/Counter-Defendant*

Dated: September 16, 2024      By: *  /s/ Adam J. Brody*
          Adam J. Brody (P62035)
          Ziyad I. Hermiz (P72236)
          Francesca L. Parnham (P87300)
          Bridgewater Place, P.O. Box 352
          Grand Rapids, MI 49501-0352
          (616) 336-6000