UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AIRPRO DIAGNOSTICS, LLC**, a Florida limited liability company, | Case No. 22-12969-LVP-EAS |
| Plaintiff, | Honorable Linda V. Parker |
| v. | Magistrate Judge: Elizabeth A. Stafford |
| **DREW TECHNOLOGIES, INC**., a Michigan corporation, **OPUS IVS, INC**., a Delaware corporation, **AUTOENGINUITY, LLC**, an Arizona limited liability corporation, and **BRIAN HERRON**, an individual, | |
| Defendants. | |
| and | |
| OPUS IVS, INC. | |
| Defendant/Counter-Plaintiff, | |
| v. | |
| AIRPRO DIAGNOSTICS, LLC | |
| Plaintiff/Counter-Defendant. | |

## PLAINTIFF'S UNOPPOSED MOTION TO HOLD DEFENDANT OPUS IVS, INC'S MOTION FOR ATTORNEYS' FEES AND COSTS IN ABEYANCE PENDING APPEAL

NOW COMES Plaintiff, AirPro Diagnostics, LLC, by and through its undersigned counsel, and moves this Court for entry of an order holding Defendant Opus IVS, Inc.'s Motion for Attorney Fees and Costs in abeyance, pending disposition of Plaintiff's appeal to the United States Court of Appeals for the Sixth Circuit.  In support of this Motion, Plaintiff relies on the accompanying brief, which is incorporated by reference herein.

On Friday November 7, 2025, Counsel for Plaintiff contacted counsel for Opus, explained the nature of this motion, and requested concurrence in the relief sought.  On Monday, November 10, 2025, counsel for Opus indicated that it consented to the relief sought in connection with the present motion.  Hence, the motion is unopposed.

Respectfully submitted,

Dated:  November 7, 2025

By:  _/s/ Adam J. Brody_
Adam J. Brody (P62035)
VARNUM LLP
Bridgewater Place
333 Bridge St. NW, Suite 1700
P.O. Box 352
Grand Rapids, MI 49501-0352
ajbrody@varnumlaw.com

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AIRPRO DIAGNOSTICS, LLC**, a Florida limited liability company, | Case No. 22-12969-LVP-EAS |
| Plaintiff, | Honorable Linda V. Parker |
| v. | Magistrate Judge: Elizabeth A. Stafford |
| **DREW TECHNOLOGIES, INC**., a Michigan corporation, **OPUS IVS, INC**., a Delaware corporation, **AUTOENGINUITY, LLC**, an Arizona limited liability corporation, and **BRIAN HERRON**, an individual, | |
| Defendants. | |
| and | |
| OPUS IVS, INC. | |
| Defendant/Counter-Plaintiff, | |
| v. | |
| AIRPRO DIAGNOSTICS, LLC | |
| Plaintiff/Counter-Defendant. | |

**PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION TO HOLD DEFENDANT OPUS IVS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS IN ABEYANCE PENDING APPEAL**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...........................................................................................ii

STATEMENT OF ISSUE PRESENTED.......................................................................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ....................................iv

INTRODUCTION .........................................................................................................1

BACKGROUND ...........................................................................................................1

ARGUMENT.................................................................................................................2

CONCLUSION AND RELIEF SOUGHT ....................................................................5

# INDEX OF AUTHORITIES

## Cases

*Buetown v. A.L.S. Enterprises, Inc.,*
        Case No. 07-3970, 2010 WL 3781862, at *2 (D. Minn. Sept. 22, 2010) ........................... 3

*Forras v. Rauf*,
        74 F. Supp.3d 1 (D.D.C. 2014) ...................................................................................... 3

*G.P.P., Inc. v. Guardian Protection Products*,
        Case No. 1:15-cv-321, 2018 WL 932087, at *2-3 (E.D. Cal. Feb. 2018) ......................... 4

*Gonzalez v. Ohio Cas. Ins. Co.*
        Case No. 07-13921, 2008 WL 4277258, at *1 (E.D. Mich. Sept. 17, 2008) ...................... 2

*Kucera v Jefferson County Bd. of Sch. Com'rs*,
        Case No. 3:03-CV-593, 2013 WL 5701674, at *1 (E.D. Tenn. Oct. 18, 2013) ................. 3

*Rice v. Astrue*,
        Case No. 4:06-cv-2770, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) ......................... 3

*RLS Associates, LLC v. United Bank of Kuwait PLC*,
        Case No. 01-Civ-1290, 2003 WL 22801918, at *2 (S.D.N.Y. Nov. 24, 2003) .................. 3

*Siddle v. Crants*,
        Case No. 3:09-175, 2010 WL 3491195, at *1 (M.D. Tenn. 2010) .................................... 4

## Rules

Fed. R. Civ. P. 54(d) ...................................................................................................... 2

## STATEMENT OF ISSUE PRESENTED

I.    Should the Court hold Defendant Opus IVS, Inc.'s Motion for Attorney Fees and Costs (ECF No. 67) in abeyance pending disposition of Plaintiff's appeal?

        Plaintiff answers "yes"
        Defendant Opus IVS, Inc. answers "yes"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 54(d), advisory committee's note to 1993 amendment.

*RLS Associates, LLC v. United Bank of Kuwait PLC*, Case No. 01-Civ-1290, 2003 WL 22801918, at *2 (S.D.N.Y. Nov. 24, 2003)

*Forras v. Rauf*, 74 F. Supp.3d 1, 3 (D.D.C. 2014)

*Rice v. Astrue*, Case No. 4:06-cv-2770, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010)

*Buetown v. A.L.S. Enterprises, Inc.,* Case No. 07-3970, 2010 WL 3781862, at *2 (D. Minn. Sept. 22, 2010)

*Kucera v Jefferson County Bd. of Sch. Com'rs*, Case No. 3:03-CV-593, 2013 WL 5701674, at *1 (E.D. Tenn. Oct. 18, 2013)

*Siddle v. Crants*, Case No. 3:09-175, 2010 WL 3491195, at *1 (M.D. Tenn. 2010)

*G.P.P., Inc. v. Guardian Protection Products*, Case No. 1:15-cv-321, 2018 WL 932087, at *2-3 (E.D. Cal. Feb. 2018)

## INTRODUCTION

Defendant Opus IVS, Inc. ("Opus") has filed a Motion for Attorneys' Fees and Costs (ECF No. 67), which is premised on the argument that it is the prevailing party in this action and that it has standing to enforce a contractual attorneys' fees provision contained in a contract that it was not a party to and under which no affirmative claim was brought by Opus.  Even if Opus were correct at this juncture (which it is not), the fact remains that Plaintiff has filed an appeal to the United States Court of Appeal for the Sixth Circuit, which could reverse this Court's decision and therefore eliminate the sole basis on which Opus now claims an entitlement to fees and costs.  To preserve judicial resources, this Court should exercise its inherent authority and hold Opus's motion in abeyance pending disposition of Plaintiff's appeal.  Notably, Opus has consented to the relief requested in this motion.

## BACKGROUND

This Court entered a final judgment in this action on September 29, 2025.  This judgment dismissed both Plaintiff's claims and Opus's counterclaims.  (ECF No. 66).  Put differently, the Court awarded neither party the affirmative relief they sought in this proceeding.  On October 27, 2025, Opus filed a motion for attorneys' fees, arguing that it is the prevailing party in this action and is therefore entitled to contractual attorney fees.  (ECF No. 67).  Opus's motion seeks $496,859.88 in

1

attorneys' fees and $60,657.82 in costs, which it concedes represent essentially all of the fees and costs incurred by all Defendants in not only defending against the claims brought by AirPro, but also in prosecuting Opus's counterclaims.   On October 29, 2025, Plaintiff filed a notice of appeal. (ECF No. 69).  The Sixth Circuit assigned Case No. 25-1987 to Plaintiff's appeal.

## ARGUMENT

Opus's motion for fees and costs is meritless, for the reasons set forth in Plaintiff's response. (ECF No. 71).  However, the motion's merits become moot if Plaintiff prevails on appeal.  If this Court's judgment is reversed in relevant part, Opus will not be entitled to fee-shifting.  In fact, if reversal occurs, Plaintiff may ultimately be entitled to recover its attorneys' fees and costs.

"[T]his court enjoys inherent authority to control its docket in promoting economies of time and effort the court, the parties, and the parties' counsel." *Gonzalez v. Ohio Cas. Ins. Co.*, Case No. 07-13921, 2008 WL 4277258, at *1 (E.D. Mich. Sept. 17, 2008).  In the context of a post-judgment motion for attorneys' fees and costs, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) [of Rule 54] a new period for filing after the appeal has been resolved."  Fed. R. Civ. P. 54(d), advisory committee's note to 1993 amendment.

Courts regularly hold post-judgment motions for attorneys' fees in abeyance pending the outcome of appeal, especially when the "prevailing party" status and the appeal's outcome will dictate how fees should shift and the fees' amount and when deciding the fee issue will require substantial judicial resources.  Below are only a handful of the numerous on-point opinions:

- *RLS Associates, LLC v. United Bank of Kuwait PLC*, Case No. 01-Civ-1290, 2003 WL 22801918, at *2 (S.D.N.Y. Nov. 24, 2003) ("[I]f plaintiff wins on appeal and the Court of Appeals directs summary judgment in its favor, plaintiff would enjoy the same entitlement to attorneys' fees . . . that defendant presently enjoys in the present posture of the case.  It would then have been a total waste of the parties' and this Court's resources to have litigated and adjudicated the reasonable amount of defendant's attorneys' fees (an issue that not infrequently is bitterly contested).");

- *Forras v. Rauf*, 74 F. Supp.3d 1, 3 (D.D.C. 2014) ("[E]ven if the decision is upheld on appeal, the Court will likely face another motion for attorneys' fees related to the cost of the appeal process.  Such a motion would raise issues similar to those in the present motion for attorneys' fees . . . Therefore, much of the subsequent analysis would be duplicative.");

- *Rice v. Astrue*, Case No. 4:06-cv-2770, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (staying a fee petition because a pending appeal would "help clarify the current issues or make currently disputed issues moot.");

- *Buetown v. A.L.S. Enterprises, Inc.,* Case No. 07-3970, 2010 WL 3781862, at *2 (D. Minn. Sept. 22, 2010) ("[I]f Defendants succeed before the Eighth Circuit, no fee award would be appropriate.  Moreover, the amount of the fees sought is substantial, and the objections to them are many.  Resolution of those objections will require significant effort by the Court, which would be wasted in the event of reversal.");

- *Kucera v Jefferson County Bd. of Sch. Com'rs*, Case No. 3:03-CV-593, 2013 WL 5701674, at *1 (E.D. Tenn. Oct. 18, 2013) ("If this appeal were to be decided in favor of the Defendant, all of the resources expended on deciding

the petition will have been for naught.");

- *Siddle v. Crants*, Case No. 3:09-175, 2010 WL 3491195, at *1 (M.D. Tenn. 2010) (holding a fee petition in abeyance pending appeal);

- *G.P.P., Inc. v. Guardian Protection Products*, Case No. 1:15-cv-321, 2018 WL 932087, at *2-3 (E.D. Cal. Feb. 2018) (collecting cases where fee and cost petitions were held in abeyance pending appeal).

Consistent with this precedent, the Court should hold Opus's motion (ECF No. 67) in abeyance pending appeal. To adjudicate Opus's motion, the Court will need to resolve numerous legal arguments regarding Opus's claimed entitlement to fees and costs, including issues related to the relevant contractual language and its attempted enforcement by a non-party to the contract, the requirement that a party plead and prove an entitlement to contractual attorneys' fees as part of a substantive claim, the parties' relative status as "prevailing parties" given the claims and counterclaims at issue, and the fact that only a single claim, out of the five total claims and counterclaims asserted, related to the contract at issue. Moreover, Plaintiff has requested an evidentiary hearing on the motion, which Plaintiff believes is necessary in light of the issues to be resolved and the lack of clarity provided by Defendant Opus in its motion with respect to its claimed entitlement to fees and costs. Thus, there is much for the Court to consider in connection with Opus's motion.

If Plaintiff prevails in its appeal, not only will all this this work be swept way, but the Court will then likely face a second round of fee petitions on remand.

4

The better course is to defer decision on this issue until the Sixth Circuit disposes of

Plaintiff's appeal.

## **CONCLUSION AND RELIEF SOUGHT**

For these reasons, Plaintiff respectfully requests that the Court hold Opus's

motion (ECF No. 67) in abeyance until after the Sixth Circuit issues its mandate in

Case No. 25-1987.

Respectfully submitted,

Dated:  November 10, 2025

By: ___*/s/ Adam J. Brody*___
Adam J. Brody (P62035)
VARNUM LLP
333 Bridge St. NW, Suite 1700
P.O. Box 352
Grand Rapids, MI 49501-0352
ajbrody@varnumlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date below, I electronically filed the foregoing paper with the Clerk of the District Court using its CM/ECF System, which will then electronically notify ECF participants registered to receive notice via the CM/ECF electronic filing system.

Dated:  November 10, 2025

By:   */s/ Adam J. Brody*

Adam J. Brody (P62035)
VARNUM LLP
Bridgewater Place
333 Bridge St. NW, Suite 1700
P.O. Box 352
Grand Rapids, MI 49501-0352
ajbrody@varnumlaw.com

28197085

6